# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

ROBERT ALLEN HAWKINS, d/b/a
Campus Photography, and JANN MAY
HAWKINS,

              Debtors.

Case No. F06-00251-DMD
Chapter 7

**Filed On
10/1/09**

## MEMORANDUM ON OBJECTION TO CLAIM NO. 8

       The Alaska Department of Labor, Employment Security Division ("ESD") filed a secured claim for taxes. Trustee Larry Compton objected to allowance of the claim as a secured claim on ground that the ESD hadn't established it held valid tax liens. The trustee proposes to instead allow the ESD's claim as a § 507(a)(8) priority tax claim. I find in favor of the trustee.

       The debtors filed a joint chapter 7 petition on July 6, 2006. On their petition, they listed "Campus Photography" as a trade name for Robert Hawkins. They provided a Henderson, Nevada, mailing address on their petition, but listed their county of residence as the Fairbanks North Star Borough. The petition also indicated that the business, Campus Photography, was located in Fairbanks, Alaska.

       The ESD filed a claim for taxes in the sum of $1,557.28.[1] The ESD checked two boxes on the proof of claim form, one indicating that it held a secured tax lien and the other indicating that it held a priority tax claim under 11 U.S.C. § 507(a)(8). Attached to the

---

[1] Proof of Claim No. 8, filed Feb. 5, 2007.

claim form is a copy of a "Statement of Account" directed to "Campus Photography – Rural Div" at the address of P.O. Box 4316, Santa Barbara, California. The Hawkins aren't listed on this statement, nor is there anything to connect "Campus Photography – Rural Div" with the debtors' Fairbanks business. The total due for taxes, according to the ESD's statement, is $1,564.23.

With its response to the trustee's objection to claim, the ESD provided a copy of a "document display" from the State Recorder's Office which reflects that it filed a claim of tax lien in the Fairbanks Recording District on April 17, 2006.[2] The grantor is "Campus Photography – Rural Div" and the grantee is the ESD. The amount of the lien is $711.93, for 2006 tax liability.

The ESD bases its claimed lien upon AS 23.20.200, which provides, in part:

> (a)  A claim for contributions, including interest and penalties, not paid when due is a lien in favor of the state against all the real and personal property of the employer.
>
> (b)  The claim becomes a lien when the department records a notice of the lien with the recording officer of the recording district in which the property is located. The claim becomes a lien on a motor vehicle when the department files a notice of the lien in the office of the commissioner of administration. Filing or recording of the notice of lien is constructive notice of the lien against the property described in

---

[2] ESD's Resp. to Obj. to Claim, filed Sept. 10, 2009 (Docket No. 82), Ex. A.

the notice to creditors of the owner, and to subsequent purchasers and encumbrancers.[3]

The court has not been provided with a copy of the actual notice of lien the ESD recorded in the Fairbanks Recording District.  The document display from the Recorder's Office doesn't indicate whether the notice of lien contained a description of the property encumbered by the lien.  While the statute also provides that the lien is against "all the real and personal property of the employer,"[4] there is nothing in the documentation provided by the ESD which would tie the debtors to the entity named in the ESD's lien notice: "Campus Photography – Rural Div."  The issue becomes whether the claim of lien recorded by the ESD was sufficient to provide notice to creditors and other parties that the debtors' real and personal property was encumbered by the tax lien.  I find that it was not.

There are no Alaska cases which discuss this issue within the context of AS 23.20.200.  However, given that security interests, like tax liens, must also be filed or recorded to perfect the interest,[5] cases discussing notice within the context of the Uniform Commercial Code are instructive here.  The following cases are illustrative.

In *In re McCauley's Reprographics, Inc.*,[6] the Ninth Circuit considered whether a financing statement filed in accordance with the Alaska Uniform Commercial Code was

---

[3] AS 23.20.200.

[4] AS 23.20.200(a).

[5] *See* AS 45.29.310, 45.29.501.

[6] *Dietrich-Post Co. of Wa., Inc. v. Alaska Nat'l Bank of the North (In re McCauley's Reprographics, Inc.)*, 638 F.2d 117 (9th Cir. 1981).

3

sufficient to perfect a bank's security interest in assets of the debtor corporation, McCauley's Reprographics, Inc. The financing statement named the debtor's predecessor, a partnership called McCauley's Reprographics and Mapping. The bankruptcy court found that the bank's security interest was not perfected because the financing statement was seriously misleading.[7] The Ninth Circuit affirmed, noting that courts generally applied a "flexible, ad hoc approach to determine, by an essentially factual inquiry, the extent to which an error in the financing statement would be misleading to one undertaking a reasonable search." [8] The dispositive question was "whether or not a reasonable search under the *debtor's true name* would uncover the filing."[9] If such a search would reveal the filing, then the searcher would be "on notice to inquire further to discover the correct identity of the debtor."[10]

In *In re Thomas*,[11] the Ninth Circuit found that a financing statement which listed only a trade name used by an individual debtor was "fatally defective." The debtor, Burris Haley Thomas, operated a business under the d/b/a "West Coast Avionics." Creditor Van Dusen filed a financing statement which listed only the trade name. After Thomas filed bankruptcy, the trustee challenged the validity of Van Dusen's security interest. Van Dusen argued that its security interest was valid because it was only required to list either the

---

[7] *Id.* at 118.

[8] *Id.* at 119.

[9] *Id.* (emphasis added).

[10] *McCauley's Reprographics*, 638 F.2d at 119.

[11] *Van Dusen Accept. Corp. v. Gough (in re Thomas)*, 466 F.2d 51 (9th Cir. 1972).

4

debtor's real name or the trade name on the financing statement.  The court disagreed, stating that "at the very least the real name of the debtor is necessary" to perfect a security interest.[12]  Otherwise, "the purpose of the statutory scheme of requiring security interest[s] to be perfected by filing a financing statement – to give notice to future creditors of the debtor – would be seriously undermined."[13]  The Ninth Circuit also noted that courts generally have found a financing statement to be defective where the name on the financing statement is materially different from the debtor's real name."[14]

In a subsequent Ninth Circuit case, the court again discussed the problem of perfecting a security interest where an individual debtor operates his business under a trade name.

> Most of the cases dealing with filings under an incorrect name concern individuals doing business under an assumed trade name.  Thus a filing in the trade name of "West Coast Avionics" did not perfect a security interest in assets of the individual debtor Burris Haley Thomas; the omission of the debtor's real name was a fatal defect.  The issue to be determined is not the true name of the entity, but whether the filing was misleading.  Filing under an assumed trade name is effective unless it is misleading.
>
> The "true name" analysis is helpful . . . in the "doing business as" cases because in such

---

[12] *Id.* at 52.

[13] *Id.*

[14] *Id.* at 53 n.3.

5

> cases there are, in effect, two entities. The
> individual debtor still has personal transactions
> unrelated to his business activities. He pays rent,
> buys food and contracts debts in his own name.
> His personal creditors may not know of security
> interests filed under the name in which he does
> business.[15]

I see no reason why the standard for sufficiency of notice under AS 23.20.200 would be different from the standard applied to financing statements under the Uniform Commercial Code. Both types of liens require the filing or recordation of a document with sufficient information to give parties searching the records notice that a lien against the debtor's property exists. An inaccurate filing "is measured against the real name to determine if it was seriously misleading to other creditors."[16] Here, as in *Thomas*, I find that the ESD's claim of lien, which named "Campus Photography – Rural Div" is fatally defective because it doesn't name the true debtor, Robert Allen Hawkins. A reasonable search under the Hawkins' names would not reveal the tax lien recorded against Campus Photography.

The trustee's objection to Claim No. 8 is therefore sustained. This claim will be disallowed as a secured claim and allowed as a priority tax claim under 11 U.S.C. § 507(a)(8). The trustee has also asked this court to determine whether the tax lien would apply to the assets of co-debtor Jann May Hawkins, and whether the lien would apply to the

---

[15] *Siljeg v. Nat'l Bank of Commerce*, 509 F.2d 1009, 1012 (9th Cir. 1975) (citations omitted).

[16] *Id.*

6

debtors' personal, non-business property.  Because the tax lien is ineffective due to the

deficiency in the claim of lien, I decline to reach these issues.

An order will be entered consistent with this memorandum.

DATED: October 1, 2009

BY THE COURT
 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  E. LeRoy, Esq.
           T. Steinberger, Esq.
           L. Compton, Trustee
           U. S. Trustee

               10/01/09

7